(19 Misc. Rep. 321.)

## CONANT v. WRIGHT et al.

(Supreme Court, Special Term, St. Lawrence County.  January, 1897.)

1. SURROGATES—JURISDICTION—REMOVAL OF TRUSTEES.

A surrogate, having jurisdiction to remove a testamentary trustee or permit his resignation, and to appoint his successor (Code Civ. Proc. §§ 2472, 2814), does not lose jurisdiction of a proceeding, on the resignation of such a trustee, by appointing his successor before the resigning trustee has turned over the trust fund, and more than a year before he is finally discharged, where the decree appointing the successor settles the resigning trustee's accounts and orders him to turn over the trust fund forthwith, since the power to remove a trustee includes power to stop his action.

2. SAME—DECREES.

A recital that all parties had fully accounted in a surrogate's decree accepting the resignation of a trustee and discharging the executors of deceased trustees, is not overcome by proof that among the assets was a note indorsed by the resigning trustee.

3. SAME—ALLOWANCE OF COMMISSIONS—CONCLUSIVENESS.

The decree of a surrogate, allowing commissions on the trust estate to trustees, in a proceeding for their accounting and discharge, of which he had jurisdiction, cannot be collaterally attacked.

Action by George S. Conant against George A. Wright and others. Defendants demur to the complaint.   Sustained.

Conway & Westbrook (A. R. Herriman, of counsel), for plaintiff.
R. E. Waterman, for defendant Wright.

RUSSELL, J.   The plaintiff, by his complaint, seeks to invalidate and declare void a decree of the surrogate's court of St. Lawrence county appointing the defendant Wright trustee, as successor to Isaac L. Seymour, and directing payment of commissions to the executors of a deceased trustee; to compel the payment to the plaintiff by the defendants of a sum so paid as commissions; and to enjoin the defendant Wright from accounting as testamentary trustee.   The creator of the trust by will, George N. Seymour, died in 1859, leaving his children surviving,—George D. Seymour, Isaac L. Seymour, and Sophia M. Conant.   He left his widow and the two sons executors, and also appointed them as trustees of a fund of $22,000 to be held in trust for the daughter, Sophia M. Conant; the income thereof to be paid to her use, and the principal sum to vest in her children or heirs; the plaintiff being her sole surviving heir; Mrs. Conant having died after the proceedings in surrogate's court, complained of, were taken.   At the beginning of those proceedings, Isaac L. Seymour was the only surviving executor or trustee, and his effort to resign his trust and obtain his discharge pro-

duced the events out of which this cause of action arises. At-
tached to the complaint are copies of the proceedings taken in sur-
rogate's court. On the 7th day of December, 1892, Isaac L. Sey-
mour petitioned the surrogate's court, stating in his petition that
Sophia M. Conant was willing he should be relieved from his du-
ties, and another trustee substituted; that the executors of his for-
mer co-trustee, George D. Seymour, account for the trust estate
coming to their hands; and that the petitioner's account as trustee
be judicially settled, and a decree made allowing him to resign .
his trust, and discharging him; and for a citation to all persons
interested; with a general prayer for relief. Upon that petition
a citation was issued, and served upon all the parties in interest,
including Mrs. Conant and the plaintiff. On the return day of the
citation all the parties in interest appeared, except Mrs. Conant
and the plaintiff. On the 13th day of February, 1893, a decree was
made by the surrogate embodying the account of Isaac L. Seymour
as sole surviving trustee, and of the executors of the deceased trus-
tee, George D. Seymour, reciting that the trustee and executors have
fully accounted, and adjudging that the account was thereby finally
and judicially settled and allowed, and also ordering and adjudging
that sufficient reasons exist for allowing Isaac L. Seymour to resign
his trust, and discharging him accordingly. His account was there-
by accepted and allowed, and, it being necessary to appoint another
trustee to complete the execution of the trust, the defendant George
A. Wright was appointed sole trustee, and Isaac L. Seymour and
the executors of George D. Seymour were required forthwith to pay
over all moneys and other property belonging to their trust to the
new trustee, to the end that a final decree be made, discharging
·them accordingly, and accepting the resignation of the said Isaac·
L. Seymour. The decree further provided that as the executors
of the deceased trustee claimed commissions upon the trust estate,
it being stipulated in open court that such contest be settled by
allowing commissions on the income account only, with annual
rests, such commissions were allowed, one-third to Isaac L. Sey-
mour and two-thirds to the executors of George D. Seymour, they
waiving all claims to commissions on the principal of the trust
estate. And it was further provided that the expenses of the ac-
counting be taken from the principal of the estate. Isaac L. Sey-
mour was directed to retain the amount of the commissions, being
$2,214.59, and the amount of expenses, or, if he and the executors
chose, they might turn over to the new trustee the whole of the
trust estate, in which case he should repay them the aforesaid
commissions and expenses. On the 8th day of March, 1893, the new
trustee, Wright, receipted the property as delivered to him by Isaac
L. Seymour and the executors, and on the 2d day of March, 1894,
an order was made discharging Isaac L. Seymour as such trustee,
and also discharging the executors. It was stated, however, in the
receipt and the order, that, in place of the gas stock to the amount
of $275, the note of one Findlay was taken, indorsed personally by
the said Isaac L. Seymour. It is further alleged that in March and
April, 1893, the new trustee, Wright, paid to the executors of the

deceased trustee their two-thirds of the commissions, and to the counsel for the parties who appeared the expenses allowed by the surrogate, obtaining the money by selling United States and West Shore Bonds belonging to the trust estate; the former trustee, Isaac L. Seymour, having refused to accept any commissions; and he is not made a party to this suit. It is also alleged that, shortly after the death of Mrs. Conant, Wright, the new trustee, while evading a delivery of the trust fund to the plaintiff, in May, 1896, filed a petition for the settlement of his account as trustee, and procured the same to be served upon the plaintiff, but has delivered only a portion of the personal estate, and has sold some of the real estate. The persons to whom he has sold the real estate have not been made parties to this litigation, and therefore this suit cannot be an adjudication finally affecting the right of those parties to hold the lands conveyed. As now claimed, the real object of the action is to have set aside the proceedings of the surrogate discharging Isaac L. Seymour, appointing Wright trustee, allowing commissions, and expenses, and obtain the payment by Wright and the executors of the deceased trustee of the amount owing plaintiff for the sums paid for commissions and expenses, and to procure an injunction against an accounting by Wright in the surrogate's court.

The right to maintain this action depends upon the solution of the fundamental question on which the claim of the plaintiff is based; that the surrogate's court had no jurisdiction to appoint a new trustee until the surviving trustee was fully discharged, and had not only ceased to have any power as a trustee, but had also ceased to be in any way responsible for any of the assets belonging to the trust. For, if the surrogate had jurisdiction in a proceeding in which the life beneficiary and the plaintiff were duly served with process, any errors committed by him, if there were errors, cannot be attacked collaterally, and can only be reviewed by motion before him, or by appeal. If the statutes of the state have so enlarged the jurisdiction of the surrogate as to permit him to decide when a trustee should be relieved of his duties and a successor appointed, it would seem at first glance that, on the question of power, the surrogate should have the right to stop a trustee from further exercising the duties of his trust where the circumstances indicate either an improper administration of his duty, or a failure of mental, physical, or financial ability to continue the active performance of his trust obligations. In that event, necessarily, he could not be discharged from all responsibility to the estate instanter, with his deprivation of power voluntarily or involuntarily made; for, until an accounting, his pecuniary obligations to the estate should remain. We must then inquire whether, incidentally or expressly, the letter and spirit of the statutes for this emergency clothe the surrogate with the proper authority. By section 2472 of the Code of Civil Procedure, a surrogate has authority to compel the payment by testamentary trustees of money or other property in their possession belonging to the estate; to direct and control the conduct and settle the accounts of the testamentary trustees; to remove testamentary trustees; and to ap-

point a successor in place of a testamentary trustee so removed.
By section 2473 the determination of the surrogate's court, when
questioned collaterally, in the absence of fraud or collusion, and
where the necessary parties were duly cited or appeared, is conclu-
sively established by the allegation of the jurisdictional facts con-
tained in the written petition used in the surrogate's court. By
section 2474 the surrogate's court obtains jurisdiction in every case
where there is the existence of the jurisdictional facts prescribed by
the statute, and by the citation and appearance of the necessary
parties, and is also given power of amendment for the recital or
proof of facts necessary to jurisdiction. By paragraph 11 of sec-
tion 2481 the surrogate's court is given common-law jurisdiction of
all matters subject to the cognizance of his court, according to the
course and practice of a court having common-law jurisdiction, and
to exercise such incidental powers as are necessary to carry into
effect the powers expressly conferred. By section 2814 a testa-
mentary trustee may petition the surrogate's court to judicially
settle his accounts, and a decree may be thereupon made allowing
him to resign his trust, and discharging him accordingly. And all
persons absolutely or contingently interested may be cited upon
such proceedings. The same section has the following paragraph:

"Upon the petitioner's fully accounting and paying all money belonging to
the trust, and delivering all books, papers and other property of the trust in
his hands, either into the surrogate's court or as the surrogate directs, a decree
may be made accepting his resignation and discharging him accordingly."

By section 2818 it is provided that when a sole testamentary
trustee dies or becomes a lunatic, or is by decree of the surrogate's
court removed or allowed to resign, and the trust has not been
fully executed, the same court may appoint his successor, unless
such an appointment would contravene the express terms of the
will. It will be observed that by the filing of the petition, and the
service of the citation on the necessary parties, the surrogate's
court obtained full jurisdiction to act in the premises; and I am
of the opinion that, even if the appointment of the new trustee
was prematurely made in the place of the surviving trustee under
the will, such action did not deprive the surrogate of jurisdiction,
so as to enable the new trustee to claim, upon his acceptance of
the trust, a freedom of responsibility for his acts done in per-
formance of the trust, or allow the old trustee to continue his pow-
er of management as though no such proceedings had been taken.
The provisions giving the power to allow the trustee to resign are
additional to those allowing the surrogate to remove, and are de-
signed to confer upon the surrogate the authority, in his discre-
tion, to allow a resignation conditional upon a full accounting. It
must be inevitably held that, with the general power of the sur-
rogate to remove or allow a resignation, he has the power, in a
proper case, to stop the action of the trustee when the circum-
stances require it, which circumstances are thus within his judicial
discretion, and his action cannot be attacked collaterally. The
decree of the 13th of February, 1893, recites the accounting by the
surviving trustee and the executors of the deceased trustee. The

recitation of the fact that all the parties had accounted fully is of itself sufficient to show that there was no further obligation on the part of the surviving trustee to the estate. and proof aliunde that among the assets was a note of $275, indorsed by the surviving trustee, is not sufficient to destroy the effect of such recitation on the question of jurisdiction. The same decree directs that the account is thereby finally and judicially settled and allowed, and recites that sufficient reasons existing for the prayer of the petitioner, allowing him to resign his trust and discharging him accordingly, he was allowed to account, and his account accepted and allowed "for that purpose." The surviving trustee and the executors are ordered to "forthwith pay over and deliver all money and property, with the books and papers, to the end that a final decree be made, discharging them and accepting the resignation of the sole surviving trustee." By the same decree Wright is appointed the successor, as the trust has not been fully executed, upon his filing a bond in the penalty of $50,000. This decree of the surrogate reserves only from the effect of the judicial acceptance of the resignation the proof of the delivery of the money, property, books, and papers to the new trustee, who has authority to receive them upon qualifying, and such delivery is ordered to be forthwith made. The whole tenor and theory of the decree are upon the rule, well known and recognized in equity, that things are presumed to be done when they ought to have been done, constructively, and therefore the delivery by the old trustee is forthwith to be made. Assuming, therefore, that the surrogate has power to remove and appoint a successor, and that the question of the time and manner of such removal and appointment is within his judicial discretion, subject to the main object of the statute, that there shall be no release of personal responsibility or money or property until final delivery to the new trustee, there can be no available method of effecting the transition of responsibility from the old to the new trustee, so that the duty of the one ceases and that of the other begins, save by the provisions of the decree designating the new trustee, and placing him in a position that his receipt for the property of the trust will be lawful. By the decree of March 2, 1894, a recitation is made that proof has been given of the turning over of the property, books, and papers of the trust estate to the new trustee, and the old trustee and executors of the deceased trustee were fully discharged from all liability. This decree was in the nature of a confirmatory decree, if one was needed, recognizing Wright as the new trustee of the estate, and adjudging the delivery of the property to him as lawfully made. Were there any need of a more specific appointment of Wright as trustee in that decree confirming the receipt of the trust fund, that could be easily done by amendment, under the statutory provisions and incidental powers of the surrogate's court; and certainly what could be rectified, if irregular, by amendment, cannot be attacked collaterally as an error ousting jurisdiction.

I am therefore of the opinion that the decree of the surrogate's court cannot be collaterally attacked, and the question as to the

propriety or nonallowance of the commissions, being within the judicial grasp of the surrogate's court, is also not available in this action. Judgment is therefore rendered in favor of the defendants, sustaining the demurrer, with costs.

Demurrer sustained, with costs.